# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SUSAN B. LONG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 17-1097 (APM) |
| ) | |
| IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant U.S. Immigration and Customs Enforcement ("ICE" or the "Defendant"), by and through undersigned counsel, respectfully submits this answer to plaintiffs' Complaint.

## FIRST DEFENSE

Plaintiffs' Complaint should be dismissed in whole, or part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

The information that Defendant has withheld, or will withhold, in response to plaintiffs' FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552(b) and the Privacy Act, 5 U.S.C. § 552a, *et seq*.

**THIRD DEFENSE**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

**FOURTH DEFENSE**

Defendant responds specifically to each numbered paragraph of the complaint as follows. To the extent any allegation in the Complaint is not expressly admitted herein, it is denied.

1. The allegations contained in the first and third sentences of paragraph 1 consist of plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits that plaintiffs purport that this is action to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, and denies the remaining allegations. The allegations contained in the second sentence of paragraph 1 contains plaintiffs' characterization of previous FOIA requests, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations. The allegation contained in the fourth sentence of paragraph 1 constitutes plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegation.

2. The allegations contained in paragraph 2 constitute plaintiffs' conclusion of law regarding jurisdiction and venue, to which no response is required. To the extent that a response is required, Defendant denies the allegations, except to admit that venue for a proper FOIA action would lie in this district.

3-4. The allegations in paragraphs 3 and 4 characterize the plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. In response to paragraph 5, Defendant admits that it is a component of an agency of the government of the United States of America but denies the remaining allegations.

6. The allegations contained in paragraph 6 characterize the plaintiffs' interpretation of the objectives of the FOIA, to which no response is required. To the extent that a response is required, Defendant denies the allegations and respectfully refers the Court to the FOIA for a complete and accurate statement of its contents.

7. The allegations contained in paragraph 7 characterize the plaintiffs' interpretation of the objectives of the Electronic Freedom of Information Act Amendments of 1996, to which no response is required. To the extent that a response is required, Defendant denies the allegations and respectfully refers the Court to the Electronic Freedom of Information Act Amendments of 1996 for a complete and accurate statement of its contents.

8. Defendant admits the first sentence in this paragraph, including the citation. The remaining allegations contained in paragraph 8 characterize the plaintiffs' interpretation of the objectives of DHS Regulations, to which no response is required. To the extent that a response is required, Defendant admits that the cited language can be found in the regulations, but denies that plaintiff has accurately or completely characterized the regulations; Defendant respectfully refers the Court to the cited DHS Regulations for a complete and accurate statement of the contents.

9. Defendant lacks knowledge or information sufficient to form a belief as to their truth of the allegations in paragraph 9.

10. Paragraph 10 contains plaintiffs' characterization of ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

11. Paragraph 11 contains plaintiffs' characterization of ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

12. Paragraph 12 contains plaintiffs' characterization of the FBI and ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

13. The allegations contained in paragraph 13 contain plaintiffs' characterization of previous FOIA requests, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

14. The allegations contained in paragraph 14 contain plaintiffs' characterization of previous FOIA requests, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

15. The allegations contained in paragraph 15 contain plaintiffs' characterization of ICE's responses to previous FOIA requests, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

16. Defendant admits that ICE sent Plaintiffs a final response for FOIA Request No. 2016-ICFO-54702 on January 4, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents. Defendant denies the remaining allegations contained in paragraph 16.

17. Defendant admits that ICE sent Plaintiffs a final response for FOIA Request No. 2016-ICFO-14043 on January 10, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant admits that ICE sent Plaintiffs a final response for FOIA Request No. 2016-ICFO-54702 on January 4, 2017, and for FOIA Request No. 2016-ICFO-14043 on January 10, 2017, and respectfully refers the Court to the emails for a complete and accurate statement of their contents. Defendant denies the remaining allegations contained in paragraph 18.

19. Defendant admits that, in response to certain of plaintiff's earlier FOIA requests, data of the type identified in paragraph 18 of the Complaint were provided as a discretionary release, but denies that all of the information provided was compelled by the FOIA. Defendant respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents.

20. Denied.

21. Defendant admits that plaintiffs submitted a FOIA appeal on January 17, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

22. Defendant admits that ICE issued a final appeal response on February 14, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

23-25. The allegations contained in paragraphs 23 through 25 contain plaintiffs' conclusions of law, to which no response is required.

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court issue an order dismissing with prejudice the above-captioned case, granting Defendant judgment,

including all costs, charges and fees permitted by law, and for such further relief as the Court deems just and proper.

    Respectfully submitted,

    CHANNING D. PHILLIPS, DC Bar #415793
    United States Attorney

    DANIEL F. VAN HORN, DC Bar #924092
    Chief, Civil Division

By:    /s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 27th day of July, 2017.

                                                                          /s/
                                    W. MARK NEBEKER, DC Bar #396739
                                    Assistant United States Attorney
                                    555 4th Street, N.W.
                                    Washington, DC  20530
                                    (202) 252-2536
                                    mark.nebeker@usdoj.gov